# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BETH SARVER ASHWORTH,

        Plaintiff,

v.                                          Case No:   6:24-cv-1858-CEM-LHP

OFF LEASH K9 TRAINING
CENTRAL FLORIDA LLC,

        Defendant

---

## ORDER

On January 14, 2025, on Plaintiff's motion (Doc. No. 10), Clerk's Default was entered against Defendant.  Doc. Nos. 11-12.  Plaintiff did not move for default judgment within the time afforded by Local Rule 1.10(c), and an Order to Show Cause issued.  Doc. No. 13.  To date, Plaintiff has not responded to that Order to Show Cause, which remains pending before the Presiding District Judge.  Instead, Plaintiff requested, and obtained, leave to conduct class certification discovery in advance of moving for default judgment.  Doc. Nos. 14-15.  Now before the Court is Plaintiff's Motion to Compel Discovery Responses.  Doc. No. 16.  Upon review, the motion is **DENIED without prejudice**.

In short, Plaintiff seeks an order compelling the defaulted Defendant to respond to Requests for Production and Interrogatories related to the scope of the putative class and damages. However, Plaintiff nowhere argues or provides any legal authority suggesting that he may obtain such discovery from a defaulted party. Rather, the only authority provided relates to the general proposition of discovery in a class certification setting. *See* Doc. No. 16, at 3 (citing *Warren v. Credit Pros Int'l Corp.*, No. 3:20-cv-763-TJC-MCR, 2021 U.S. Dist. LEXIS 79150, at *20-28 (M.D. Fla. Apr. 26, 2021)).

In addition, while Plaintiff's counsel goes into great detail about conversations (phone and email) he has had with an attorney who purportedly is representing the defaulted Defendant, Plaintiff provides no legal authority establishing that such communications constitute sufficient notice for purposes of obtaining an order compelling production of discovery and/or any other relief. *See* Doc. No. 16, at 2-3; Doc. No. 16-1. Moreover, there is nothing in the motion suggesting that the motion itself has been provided to the defaulted Defendant and/or its counsel, nor any legal authority establishing that service is not required. *See, e.g.,* Fed. R. Civ. P. 37(a)(1).

The Court notes that the time period for Plaintiff to conduct discovery has now expired. *See* Doc. No. 15. The Court will *sua sponte* extend that deadline for another **forty-five (45) days** from the date of this Order. This deadline will not be

further extended absent a motion establishing good cause. In addition, if Plaintiff wishes to refile a motion to compel, she must address the issues set forth in this Order, and otherwise fully establish entitlement to the relief requested.

**DONE** and **ORDERED** in Orlando, Florida on July 10, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 3 -